UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DEBRA WIRSCHE, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 7:12-CV-214 |
| | § | |
| MONCOR, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court are several filings which the Court will address below. Before addressing the substance of those filings the Court will briefly recap what has happened in this case.

**I.   Background**

On July 3, 2012, Debra Wirsche filed her original complaint.[1] Then, on July 11, 2012, she filed an amended complaint.[2] In the amended complaint she sued several people/entities on matters related to her mortgage. For sake of simplicity the Court will divide the defendants into four groups:

> First, there are Lehman Brothers Holdings, Inc.; Structured Asset Security Corporation; Lehman Mortgage Trust 2008-6; Aurora Loan Services, LLC;[3] and Wells Fargo Bank, N.A.[4] (collectively, "Unrelated Entities").
>
> Second, there are Mortgage Electronic Registrations Systems, Inc.; Bank of America, N.A.; and Recontrust[5] (collectively, "BOA Defendants").

---

[1] Dkt. No. 1.
[2] Dkt. No. 3.
[3] In its motion to dismiss [Dkt. No. 6], this entity refers to itself as "Aurora Bank, FSB, subservicer to Aurora Loan Services, LLC."
[4] In its motion to dismiss [Dkt. No. 18], this entity refers to itself as "Wells Fargo, N.A."
[5] In its motion to dismiss [Dkt. No. 5], this entity refers to itself as "ReconTrust Company, N.A."

Third, there are Does 1-22 ("Does").

Fourth, there is Moncor, Inc. ("Moncor") which has not entered an appearance in this case.

On September 24, 2012, the Court issued an order in accordance with its prior ruling from the bench.[6] In that order the Court dismissed all claims against Unrelated Entities.[7] The Court dismissed all claims but the 15 U.S.C. § 1641(g) claim against BOA Defendants.[8] The Court instructed BOA Defendants to brief the § 1641(g) issue and gave Plaintiff a November 2, 2012, deadline to reply.[9]

The Court further instructed Plaintiff that if she did not serve Moncor and file proof of service by October 31, 2012, it would dismiss her claims against Moncor.[10] Also, the Court instructed Plaintiff that if she did "not pursue identification of the Does or serve the 'Does' and file proof of service on or before October 31, 2012," the Court would dismiss the claims against the Does.[11]

## II.  Analysis

Since the Court issued its September 24, 2012 order, there has been a flurry of filing in this case. The Court will address the various filings and other developments in this case below.

### A.  Plaintiff's Motion for Default

The record in this case reflects that summons was issued for Moncor on July 6, 2012. However, because Plaintiff amended her complaint on July 11, 2012, it is that complaint that should have been served on Moncor. The purported proof of service does not reflect which, if any, complaint was served on Moncor and the only summons ever issued was that issued prior to

---

[6] Dkt. No. 30.
[7] *Id*.
[8] *Id*.
[9] *Id*.
[10] *Id*.
[11] *Id*.

the amend complaint being filed. Plaintiff has had since July 11, 2012, that is more than 120 days, to serve Moncor. As Plaintiff has failed to establish that she has done so, the Court **DISMISSES Plaintiff's claims against Moncor without prejudice**. Because Moncor is dismissed from this case, the Court **STRIKES** the self-styled "Entry of Default" and its attachments[12] and the Court also **STRIKES** the self-styled "Affidavit of Failure to Plead or Defend as to Moncor Inc."[13]

B.   **Plaintiff's Other Filings**

On October 31, 2012, Plaintiff filed the self-styled "Plaintiff's Response to Defendant's Supplement to their Motion to Dismiss and new motion to extend time to allow discovery[.]"[14] Then on November 2, 2012, Plaintiff filed the self-styled "Plaintiff's Response To Defendants' Supplement to Motion to Dismiss"[15]; "Amended Motion to Extend Time"[16]; and "Affidavit of Debra Wirsche."[17] These filings are, quite simply, a mess. For example, it is unclear what motion the "Amended Motion" is amending. Furthermore, the "affidavit" has characteristics of a motion. These filings in part respond to BOA Defendants' 15 U.S.C. 1641(g) arguments and the Court will address § 1641(g) in a separate section. However, though jumbled and scattered throughout the filings, the filings contain other requests for relief. The Court will first consider the requests as deciphered from the various filings.

1.   **Motion to Amend the Complaint**

Because Plaintiff's latest filings appear to contain facts and theories of recovery not supported by her live complaint, the Court liberally construes Plaintiff's filings as seeking leave

---

[12] Dkt. No. 38.
[13] Dkt. No. 39.
[14] Dkt. No. 33.
[15] Dkt. No. 34.
[16] Dkt. No. 35.
[17] Dkt. No. 36.

to amend the complaint. The Court notes that the scope of the proposed amendments is not clear. Furthermore, because Plaintiff continues to refer to defendants that have been dismissed from the case, the amendments she is seeking would include claims against those dismissed defendants. "The Supreme Court lists five considerations in determining whether to deny leave to amend a complaint: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment . . . .'"[18]

Here, Plaintiff amended her complaint once at the outset of the case. As to her current implied request to amend her complaint, it was not filed until one-hundred days had passed since she first amended her complaint and over a month after Unrelated Defendants were dismissed from the case and all but one of the claims against BOA Defendants were dismissed.

Although Plaintiff makes the vague assertion that there was unforeseen physical injury and belabors the point that she is untrained in the practice of law, the Court is unconvinced that these assertions justify Plaintiff's delay. Thus, the Court finds that there was undue delay in Plaintiff seeking leave to amend.

Furthermore, it is clear that any amended complaint would include allegations against Unrelated Defendants because Plaintiff continues to mention them in her filings.[19] Allowing such an amendment would clearly prejudice Unrelated Defendants who were dismissed from this case over a month before Plaintiff sought leave to amend. Plaintiff has already wasted enough resources of Defendants who have no connection to Plaintiff's mortgage.

---

[18] Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).
[19] *See*, Dkt. No. 33 at ¶¶ 5 & 8.

Also, the Court finds that Plaintiff's request to amend is made in *bad faith*. At the initial pretrial conference the Court warned Plaintiff should refrain from cutting-and-pasting from random things she found on the internet. Specifically, the Court disapproved of the copying content without tailoring it to this case. Unfortunately, Plaintiff did not heed that warning. She continues to copy materials from the internet *without tailoring it to this case*. For example, in Docket Number 34, there are several paragraphs that appear to have been drawn from the "Living Lies" blog. Plaintiff includes the following sentence which appears to have been adapted from a document on the blog: "These assertions conflict with the mortgage attached to the complaint that identifies a non-party to this action as the 'lender' with the security interest."[20] **Importantly, there was no mortgage attached to the complaint in this case.** Also, Plaintiff makes allegations and references to rules which clearly have no applicability here. This means Plaintiff has continued her practice of indiscriminately grabbing material from the internet and including it in her filings.

Ultimately, after considering that Plaintiff has demonstrated undue delay in seeking to amend her complaint, that the amendments would prejudice the dismissed defendants, and that Plaintiff has demonstrated bad faith in pursuing this case, the Court **DENIES** Plaintiff's implied request to amend her complaint.

2.  **Motion to Reconsider**

Also, in the prayer of one filing, Plaintiff indicates that she would like to file a motion for the Court to vacate its prior dismissal order.[21] Plaintiff wholly fails to address the requirements of either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. Nonetheless, the Court has

---

[20] Dkt. No. 34.
[21] Dkt. No. 33 at p. 3.

reviewed Plaintiff's newest filings, and Plaintiff has failed to convince the Court that its prior dismissals were improper.

To the extent that Plaintiff claims the Court erred by treating the motions to dismiss as motions for summary judgment,[22] Plaintiff is simply incorrect. The only evidence considered by the Court in ruling on the motions to dismiss were documents referenced in the complaint and one other publically available document from the Federal Deposit Insurance Corporation's website (of which the Court takes judicial notice). Such documents may be properly considered in the motion to dismiss context.[23] The Court properly handled the motions to dismiss as motions to dismiss and did not convert them to motions for summary judgment.

To the extent Plaintiff may be claiming newly discovered evidence by her assertion that "documentation provided to her by Legal Forensic Auditors" demonstrates the involvement of Unrelated Defendants,[24] Plaintiff provides no specifics as to this documentation or as to when she obtained the same. The Court finds that this unsupported and dubious assertion does nothing to contradict the relevant loan documents on which Unrelated Entities do not appear. **The dismissal of Unrelated Entities will not be disturbed.**

Plaintiff suggests that the documents relied on by Defendants in support of their motions to dismiss were not properly authenticated.[25] Plaintiff did not *timely* challenge the authentication of those documents and the Court will not consider this challenge now.

Plaintiff complains that the Court ruled on the motions to dismiss at the pretrial conference and asserts that Rule 16 was not followed.[26] This assertion is perplexing. First, Plaintiff responded to all of the motions to dismiss before the initial pretrial conferences.

---

[22] Dkt. No. 36.
[23] *C.f.*, Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000).
[24] Dkt. No. 33 at p. 2.
[25] Dkt. No. 34 at p. 2.
[26] Dkt. No. 35.

Second, Federal Rule of Civil Procedure 16 expressly permits the Court to rule on pending motions at the initial pretrial conference.

Ultimately, Plaintiff has failed to convince the Court that it erred when it previously dismissed many of her claims. The Court **DENIES** Plaintiff's motion for reconsideration.

### 3.     Motion for Extension of Time

Additionally, Plaintiff requests an extension of time "to make relative motions and responses."[27] The only defense motion pending before the Court is the portion of BOA Defendant's motion to dismiss which addresses the 15 U.S.C. § 1641(g) claim and its related supplement.[28] In support of her motion for an extension of time, Plaintiff blames an "**unforeseen physical injury** and related subsequent delays."[29] Furthermore, Plaintiff claims that she "filed this motion to extend as soon as she became aware of need for additional time."[30] She also blames the fact that she is not an attorney. Also, Plaintiff laments: "The court offered no leave to amend and gave no instructions as to responses to be filed by the Plaintiff. Plaintiff therefore, was compelled to conduct further investigation as to appropriate responses and filings in the case. Such investigation requires adequate amount of time."[31] Plaintiff grossly misunderstands the role of the Court. It is not the Court's job to educate Plaintiff on the rules of the Court. The Federal Rules of Civil Procedure are publicly available as are the local rules for the Southern District of Texas. There is a reason that most litigants hire attorneys. Plaintiff made the choice to proceed without an attorney. Her pro se status does not entitle her to additional time to complete basic litigation activities. After considering Plaintiff's arguments, the Court finds that there is not good cause for any extensions of time in this case.

---

[27] Dkt. No. 35 at p. 3.
[28] Dkt. Nos. 5 & 31.
[29] Dkt. No. 35 at p. 2.
[30] Dkt. No. 35 at pp. 3-4.
[31] Dkt. No. 35 at p. 2.

Crucially, Plaintiff filed her amended motion to extend time on November 2, 2012, the day her response was due. (Even if the Court were to consider that motion filed on October 31, 2012, the day she filed her first motion to extend, that was *only two days* before the deadline to respond.). Before October 31, 2012, Plaintiff had ample time to respond to the 15 U.S.C. § 1641(g) issue. Specifically, Plaintiff has had notice of the 15 U.S.C. § 1641(g) issue since August 7, 2012, when BOA Defendants filed their motion to dismiss.[32] Furthermore, any doubt that she would need to brief the § 1641(g) issue should have been erased at the September 14, 2012 initial pretrial conference where the Court stated that it was requiring more briefing on that issue.

Also, Plaintiff's allegation that there was an unforeseen physical injury is not persuasive. Plaintiff failed to specify the date of the injury, the type of injury, or even who suffered the injury. Either the injury occurred well before the deadline in which case Plaintiff *did not* file the motion to extend as soon as she was aware that she needed additional time, or, she suffered the injury immediately before the deadline in which case she should have managed her time better. This alleged injury does not entitle her to more time.

The Court has also considered Plaintiff's contention that she should be permitted more time due to her pro se status. After considering the record in this case, the Court finds that Plaintiff has been provided sufficient time throughout this case.

To the extent Plaintiff is requesting additional time to amend her complaint, it is **DENIED** for the reasons the Court denied her leave to amend her complaint. To the extent she is requesting additional time to respond to issues on which the Court has already ruled, the Court has already denied her request for reconsideration. Similarly, her request for more time to provide more briefing on the pending issues is **DENIED**. To the extent she has broadly

---

[32] Dkt. No. 5.

requested additional time for discovery, that request is premature as no time limit has been placed on discovery at this time. To be clear, all of Plaintiff's requests for extensions of time are **DENIED**.

**C.     Claims Against the Does**

Previously, the Court warned Plaintiff that it would dismiss her claims against Does 1-22 if she did not pursue identifying them or serve them and file proof of service on or before October 31, 2012.[33] Plaintiff did not file anything which indicated that she had served Does by the deadline. Furthermore, she has not filed anything to indicate that she has made a meaningful attempt to identify the Does. **Therefore, the Court DISMISSES the claims against Does 1-22 with prejudice.**

**D.     BOA Defendants' 15 U.S.C. § 1641(g) motion.**

BOA Defendants move to dismiss Plaintiff's 15 U.S.C. 1641(g) claim. That section provides:

> (g) Notice of new creditor
>     (1) In general
>     In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including--**(A)** the identity, address, telephone number of the new creditor; **(B)** the date of transfer; **(C)** how to reach an agent or party having authority to act on behalf of the new creditor; **(D)** the location of the place where transfer of ownership of the debt is recorded; and **(E)** any other relevant information regarding the new creditor.[34]

The Court begins by noting that this section of 15 U.S.C. § 1641 was enacted on May 20, 2009.[35] Furthermore, the statute does not apply to violations that occurred prior to its

---

[33] Dkt. No. 30.
[34] 15 U.S.C. § 1641.
[35] PL 111-22, May 20, 2009, 123 Stat 1632.

enactment.[36] Therefore, the Court must first determine whether there was a relevant transfer after the statute was enacted.

The Court will begin by determining when the note was transferred. The note purports to have been executed on August 27, 2008.[37] Furthermore, the allonge to the note indicates that it was assigned to Countrywide Bank, FSB, that same day.[38] Even Plaintiff admits that she has documentation indicating that the note was sold to Countrywide in October of 2008.[39] Although Countrywide's assignment of the note to Bank of America is undated, Countrywide "[m]erged into and [was] subsequently operated as a part of Bank of America, National Association" on April 27, 2009.[40] Therefore, at the very latest, the note was transferred to Bank of America on April 27, 2009, due to Countrywide's merger into Bank of America. Thus, the note was transferred **BEFORE** the May 20, 2009 enactment of § 1641(g). Now the Court will consider the transfer of the deed of trust.

Turning to the deed of trust, it was executed on either August 27, 2008, or August 28, 2008 (both dates appear on the document).[41] Then, on September 29, 2011, an assignment of the deed of trust was executed and recorded.[42]

Recently, in *Campbell v. Mortgage Electronic Registration System, Inc.*, a Texas Court of Appeals stated: "When a mortgage note is transferred, the mortgage or deed of trust is also automatically transferred to the note holder by virtue of the common-law rule that 'the mortgage follows the note.'"[43] Interestingly, it appears that Plaintiff agrees with BOA Defendants because

---

[36] *C.f.* Edwards v. Ocwen Loan Servicing, LLC, 9:10CV89, 2012 WL 844396, at *8 (E.D. Tex. Mar. 12, 2012).
[37] Dkt. No. 5-1.
[38] *Id*.
[39] Dkt. No. 33.
[40] Dkt. No. 5-2.
[41] Dkt. No. 5-3.
[42] Dkt. No. 5-4.
[43] Campbell v. Mortgage Elec. Registration Sys., Inc., 03-11-00429-CV, 2012 WL 1839357, at *4 (Tex. App.—Austin May 18, 2012, pet. denied) (mem. op.) (citation omitted).

she quotes an Alabama case which states that "[a]n assignment of the Note carries the mortgage with it . . . ."[44] Based on *Campbell*, the Court finds that the deed of trust was transferred to Bank of America when the note was transferred to Bank of America in 2008. Thus, even if a transfer of a deed of trust triggers § 1641(g)'s notice requirement, § 1641(g) is inapplicable to the transfer of the deed of trust in this case because the transfer occurred before the enactment of § 1641(g). Furthermore, the fact that an assignment of the deed of trust was executed and recorded on September 29, 2011, is irrelevant because the transfer of the deed of trust actually occurred **on or before April 27, 2009**, before the May 20, 2009 enactment of § 1641(g).[45] Therefore, the Court **DISMISSES** Plaintiff's 15 U.S.C. § 1641(g) claim against BOA Defendants.

---

[44] Dkt. No. 36 at p. 7.
[45] *C.f.*, Edwards v. Ocwen Loan Servicing, LLC, 9:10CV89, 2012 WL 844396, at *8 (E.D. Tex. Mar. 12, 2012).

### III. Conclusion

After considering the various filings in the case, the Court **STRIKES** Plaintiff's motion for default and its attachments,[46] **STRIKES** Plaintiff's "affidavit,"[47] **DENIES** Plaintiff's request to amend her complaint, **DENIES** Plaintiff's request that the Court reconsider or vacate its prior dismissals, and **DENIES** Plaintiff's requests for extensions of time. Furthermore, the Court **DISMISSES** with prejudice all of Plaintiff's claims against the Does 1-22. The Court also **DISMISSES** without prejudice the claims against Moncor. The Court also **DISMISSES** with prejudice Plaintiff's 15 U.S.C. 1641(g) claim against BOA Defendants. **To be clear, all claims against all parties have been dismissed. This is a final order.**

IT IS SO ORDERED.

DONE this 9th day of January, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[46] Dkt. No. 38.
[47] Dkt. No. 39.